UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
PAUL GALVIN

        Plaintiff

   -against-

THE CITY OF NEW YORK, POLICE OFFICER JAMES LEE,
POLICE OFFICER ROBERT HAWKINS, POLICE OFFICER
MICHAEL DONOVAN, POLICE OFFICER DONAL HAINES,
POLICE OFFICER RAYMOND PALTOO, POLICE
OFFICER CRAIG KEARNEY and POLICE OFFICERS
JOHN DOES 1-5

        Defendants
-----------------------------------X

**ECF CASE**

**COMPLAINT**

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. Sec. 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. This case arises from a February 15, 2007 incident in which members of the New York City Police Department (NYPD) subjected plaintiff to false arrest, excessive force and fabricated evidence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as this court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Sec. 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. Secs. 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. Sec. 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. Sec. 1391(b) because the City of New York's deliberate indifference to plaintiff's rights under federal law took place in this district, specifically at NYPD headquarters located at 1 Police Plaza, and at the office of the Civilian complaint Review Board located at 40 Rector Street, New York, N.Y.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer James Lee is a member of the NYPD who was involved in the arrest of the plaintiff, and the events arising out of plaintiff's arrest, on February 15, 2007. James Lee is sued in his individual capacity.

7. Police Officer Robert Hawkins is a member of the NYPD who was involved in the arrest of the plaintiff, and the events arising out of plaintiff's arrest, on February 15, 2007. Robert Hawkins is sued in his individual capacity.

8. Police Officer Michael Donovan is a member of the NYPD who was involved in the arrest of the plaintiff, and the events arising out of plaintiff's arrest, on February 15, 2007. Michael Donovan is sued in his individual capacity.

9. Police Officer Donal Haines is a member of the NYPD who was involved in the arrest of the plaintiff, and the events arising out of plaintiff's arrest, on February 15, 2007. Donal Haines is sued in his individual capacity

10. Police Officer Raymond Paltoo is a member of the NYPD who was involved in the arrest of the plaintiff, and the events arising out of plaintiff's arrest, on February 15, 2007. Raymond Paltoo is sued in his individual capacity.

11. Police Officer Craig Kearney is a member of the NYPD who was involved in the arrest of the plaintiff, and the events arising out of plaintiff's arrest, on February 15, 2007. Craig Kearney is sued in his individual capacity.

12. Police Officers John Does 1-5 are members of the NYPD who was involved in the arrest of the plaintiff, and the events arising out of plaintiff's arrest, on February 15, 2007. John Does 1-5 are sued in their individual capacities.

## STATEMENT OF FACTS

13. On February 15, 2007, at approximately 6:30 P.M., plaintiff was driving a 1990 Toyota Celica in Queens, New York. Hector Gonzalez was a passenger.

14. While the car was stationery, an unidentified male with a gun approached the vehicle and smashed the driver's side window with an object.

15. Plaintiff drove away, saw the red lights of a police car, and pulled over at or near 80th Street and Juniper Boulevard South, Queens, New York.

16. Plaintiff was dragged out of his car without resistance, and kicked and punched numerous times by several police officers.

17. All of the officers, acting in concert, subjected plaintiff to excessive and unnecessary force by throwing plaintiff to the ground and punching and kicking plaintiff in the head and body.

18. Those officers who did not make physical contact with the plaintiff during the assault watched the assault take place but failed to intervene or take remedial action.

19. During the assault and after the plaintiff was taunted and threatened by the police officers.

20. As a result of defendants' actions plaintiff sustained severe trauma to the nose, face, head and body, required approximately eight staples to the scalp, and suffered emotional distress, discomfort and medical expenses.

**FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK, JAMES LEE, ROBERT HAWKINS, MICHAEL DONOVAN, DONAL HAINES, RAYMOND PALTOO, CRAIG KEARNEY and JOHN DOES 1-5**

21. Plaintiff repeats all allegations numbered 1-20 as if more fully set forth herein.

22. The conduct of officers Lee, Hawkins, Donovan, Haines, Paltoo, Kearney and John Does 1-5, as described herein, amounted to excessive force and intentional assault and battery, thereby violating plaintiff's rights under 42 U.S.C. Sec. 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

# FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

23. Plaintiff repeats all allegations numbered 1-22 as if more fully set forth herein.

24. The City of New York directly caused the constitutional violations suffered by plaintiff.

25. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that the individual defendants are and were unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York failed to properly train, retrain, supervise, discipline and monitor the officers, and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

26. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. Sec. 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury

c. Costs, interest and attorney fees

d. Such other and further relief as this Court may deem just and necessary, including injunctive and declaratory relief.

Dated; August 9, 2007
    Brooklyn, N.Y.

STEPHEN M. ZEITLIN, ESQ.
50 Court Street-Suite 506
Brooklyn, N.Y. 11201
718-596-6815

By:

*Nathan M. Belofsky*
NATHAN M. BELOFSKY (NB2984)